# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL J. NELSON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-1490** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **EUGENE BERBANIER, Warden;** | : | |
| **DAVID WAPINISKI, Deputy Warden; TINA BARONIS, RN;** | : | |
| **GERALD BRITTON, Former Warden; and FRANK ROMPALO,** | : | |
| **Correctional Officer,** | | |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION

Pending before the court is the defendants' motion for sanctions. (Doc. No. 28). Upon review, it is recommended that the defendants' motion for sanctions be granted and the plaintiff's complaint be dismissed.

By way of background, on July 27, 2005, the plaintiff, a former inmate at the Schuylkill County Prison, filed this civil rights action pursuant to 42 U.S.C. §1983, in which he alleges violations of his constitutional rights based upon inadequate medical treatment. (Doc. No. 1). On the same day, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 2), and authorization form, (Doc. No. 3). A financial administrative order was issued on July 28, 2005. (Doc. No. 7).

By order dated July 29, 2005, it was directed that process issue. (Doc. No. 9).

By order dated September 2, 2005, the plaintiff was permitted to file an amended complaint and the Clerk of Court was directed to serve the amended complaint upon the defendants.  (Doc. No. 14).

On September 22, 2005, the defendants filed an answer to the plaintiff's original complaint.  (Doc. No. 16).

By order dated October 19, 2005, the defendants were directed to file an answer to the plaintiff's amended complaint; a discovery deadline was set for May 31, 2006; and a dispositive motions deadline was set for June 15, 2006.  (Doc. No. 19).

On November 14, 2005, the defendants filed an answer to the plaintiff's amended complaint.  (Doc. No. 23).  As a result, a second scheduling order was issued setting a discovery deadline of May 31, 2006, and a dispositive motions deadline of June 20, 2006.  (Doc. No. 24).

On April 3, 2006, the defendants filed a motion to compel discovery, along with supporting exhibits, in which they indicated that they had scheduled the plaintiff's deposition on four occasions, but that the plaintiff had failed to appear on each of those occasions, despite having had proper notice of the depositions.  (Doc. No. 26).  Based upon the defendants' submission, the court issued an order dated April 3, 2006, which directed the plaintiff to submit to an oral deposition on or before May 3, 2006.  The plaintiff was advised that his failure to appear would result in the imposition

of sanctions which may include him being barred from offering testimony in his case and/or dismissal of his action. (Doc. No. 27).

On May 8, 2006, the defendants filed the instant motion for sanctions, along with a brief and exhibits in support thereof, which indicate that, subsequent to the court's order dated April 3, 2006, the plaintiff's deposition was re-scheduled for a fifth time for April 19, 2006. The defendants indicate that, in violation of this court's order, the plaintiff again failed to appear at his deposition. According to the defendants, the plaintiff failed to contact counsel to proffer a legitimate reason for his failure to appear. As a result of the plaintiff's continued failure to appear at his scheduled depositions, the defendants request that this court impose sanctions against the plaintiff in the form of dismissal of his complaint with prejudice. (Doc. Nos. 28 & 29).

As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendants' motion. As such, pursuant to L.R. 7.6, the motion is deemed unopposed. However, because of the plaintiff's pro se status, the court will review the merits of the defendants' motion. Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth six factors to be considered in determining the appropriate sanction for a party's failure to respond to discovery requests. Id. at 868. These are:

3

> (1) The extent of the party's personal responsibility;
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) The history of dilatoriness;
> (4) Whether the conduct of the party or the attorney was willful or in bad faith;
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) The meritoriousness of the claim or defense.

Subsequently, in Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988), the Third Circuit clarified that not all six factors need to be met for a court to find that dismissal of the action is warranted for a party's failure to respond to discovery requests. Id. at 156. In fact, the court held that the trial court did not abuse its discretion in dismissing the plaintiff's action where the plaintiff had willfully refused to attend depositions and the record revealed no conduct by the opposing party to intimidate or harass the plaintiff. Id.

More recently, the Third Circuit found that dismissal of a pro se §1983 action was appropriate where the plaintiff had failed to attend five scheduled depositions. Huertas v. City of Philadelphia, 139 Fed. Appx. 444 (3d Cir. 2005). In so finding, the court looked to the Poulis facts and determined that the plaintiff was personally responsible for his conduct, the defendant suffered substantial prejudice in scheduling the five depositions which the plaintiff failed to attend, and that the plaintiff's failure to appear for the

4

depositions, after having received adequate notice, evidenced a pattern of dilatory conduct. Id. at 446.

With respect to the instant action, as in Huertas, the defendants scheduled five depositions, all of which the plaintiff received notice of, but failed to attend. The final deposition which the plaintiff failed to attend was in direct violation of this court's order directing him to do so. Given the history of the plaintiff's failure to attend the defendants' scheduled depositions, despite his notice of the depositions and the court's order directing him to do so, establishes a history of dilatoriness. There is no indication from the record that anyone, except for the plaintiff, is responsible for his failure to attend. Moreover, because of the plaintiff's behavior, the defendants have suffered prejudice, in that they have had to expend unnecessary time and money in both scheduling the depositions and filing a motion to compel in an attempt to get the plaintiff to attend. As noted in their brief, the defendants are further prejudiced by the fact that, without the plaintiff's testimony, they do not have the facts necessary to properly defend this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** the defendants' motion for sanctions, **(Doc. No. 28)**, be **GRANTED** and the plaintiff's complaint be **DISMISSED**.

S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** June 26, 2006
O:\shared\REPORTS\2005 Reports\05-1490.01.wpd