**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUSSELL J. NELSON,** | : | **CIVIL ACTION NO. 1:05-CV-1490** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **EUGENE BERBANIER, Warden,** | : | |
| ***et al.,*** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 4th day of October, 2006, upon consideration of the report of the magistrate judge (Doc. 30), to which no objections were filed, recommending that defendants' motion for sanctions (Doc. 28) be granted and that the above-captioned action be dismissed for failure to prosecute, and it appearing that plaintiff, proceeding *pro se* and *in forma pauperis* in this case, has failed to file a brief in opposition to defendants' motion for sanctions (Doc. 28), and it further appearing that plaintiff has not filed anything in this case since November 21, 2005 nor appeared for five scheduled oral depositions, <u>see</u> FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute); <u>see also</u> <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991), and it further appearing that plaintiff, acting *pro se* in this action, has failed to respond to

defendants' motion and to appear at five scheduled depositions and is personally

responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the

party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced

defendant by denying defendants an opportunity to prepare a defense to plaintiff's

claims, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's

failure to respond to the motion for sanctions and to appear at five scheduled

depositions constitutes a history of dilatoriness, see id. (identifying "history of

dilatoriness" as a factor), that plaintiff's failure to respond to the order of court dated

April 3, 2006 (Doc. 27), directing him to submit to an oral deposition or face sanctions,

including dismissal, constitutes willful disregard of the court's authority, see id. at 868-

69 (identifying "willful" or "bad faith" conduct as a factor), and that alternative

sanctions such as admission of certain facts or assessment of costs against plaintiff

would be ineffective to deter plaintiff's conduct because plaintiff has already been

deemed not to oppose the motion[1] and is proceeding in forma pauperis, see id. at 869

(identifying availability of "[a]lternative sanctions" to dismissal as a factor), it is hereby

ORDERED that:

1.    The report and recommendation of the magistrate judge (Doc. 30) is
      ADOPTED.

2.    Defendants' motion for sanctions (Doc. 28) is GRANTED.

3.    The above-captioned action is DISMISSED for failure to prosecute.  See
      FED. R. CIV. P. 41(b).

---

[1] See L.R. 7.6 ("Any respondent who fails to [file a responsive brief] . . . shall
be deemed not to oppose [the] motion.").

4.      Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

5.      The Clerk of Court is directed to CLOSE this case.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge